```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHEN M. DANIELS,

                        Plaintiff,          10-CV-6336T

            v.                              DECISION
                                            and ORDER
WESLEY GARDENS CORPORATION,
ROCHESTER AREA ASSOCIATION OF HOMES
& SERVICES FOR THE AGING, GENESEE HEALTH
FACILITIES ASSOCIATION, INC., AND HEALTH
CARE FOUNDATION OF THE FINGER LAKES

                        Defendant.
_____
```

### **INTRODUCTION**

Plaintiff, Stephen M. Daniels ("Plaintiff"), brings this action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, New York State's Fair Credit Reporting Act ("NYFCRA"), N.Y. Gen. Bus. Law §§ 380 *et seq.*, New York Correction Law 23-A, N.Y. Correct. Law § 750-755, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, alleging that the Defendants, Wesley Gardens Corporation ("Wesley"), Rochester Area Association of Homes & Services for the Aging ("RAAHSA"), Genesee Health Facilities Association, Inc. ("GHFA") and Health Care Foundation of the Finger Lakes ("HCFFL") unlawfully prepared, disseminated and used sealed arrest information for the purpose of making employment determinations regarding the Plaintiff.

1

Defendants GHFA and HCFFL now move to dismiss Plaintiff's First and Second Causes of Action under the FCRA and NYFCRA respectively, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). (Docket #12.) GHFA and HCFFL also move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure with respect to Plaintiff's Fourth Cause of Action under the NYSHRL.[1] (Docket #21.) GHFA and HCFFL specifically contend that they are not Consumer Reporting Agencies ("CRAs") within the meaning of the FCRA and NYFCRA, and therefore they are not subject to the provisions of those statutes. They further argue that Plaintiff's Fourth Cause of Action, for aider and abettor liability under the NYSHRL, must be dismissed because the Plaintiff has stipulated to the dismissal of Defendant Wesley, the alleged principal of the violations under the NYSHRL. For the reasons set forth below, this Court denies Defendants' Motion to Dismiss Plaintiff's First and Second Causes of Action. Further, this Court denies Defendants' motion for summary judgment with respect to Plaintiff's Fourth Cause of Action.

---

[1] Plaintiff's Third Cause of Action under the New York Correction Law was brought only against Defendant Wesley with whom Plaintiff has since settled and agreed to a Stipulation of Discontinuance of this action. (Docket #'s 19, 22).

## BACKGROUND

The following facts are taken from the Complaint.[2] (Docket #1.) In May 2009, Plaintiff applied for a position as a Licenced Practicing Nurse with Wesley, a nursing home in Rochester, New York. During the application process, Plaintiff disclosed to Wesley that he had been convicted of two violations however, the records of the convictions were sealed pursuant to New York Criminal Procedure Law § 160.55. Plaintiff was then interviewed and given a conditional offer of employment, provided that he submit to a further criminal background check.

Plaintiff completed and signed an authorization form that was submitted to RAAHSA, GHFA and HCFFL who "prepared and provided" to Wesley a criminal history report on the Plaintiff. The authorization form also inquired whether Plaintiff had been convicted of a violation, to which Plaintiff responded in the affirmative. The background check that was "prepared and provided" to Wesley contained the records of the sealed violations. Plaintiff alleges that the provision of such records was unlawful.

---

[2] In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991).

After receiving the completed criminal background check from RAAHSA, GHFA and HCFFL, Wesley refused to hire the Plaintiff.  Plaintiff states that the reason for his rejection was that the background check revealed his sealed violation convictions.  Plaintiff was not aware of his rights with respect to the sealed convictions at the time, and he was not notified that he had a right to receive a copy of the background check or to dispute its accuracy.

Plaintiff has since entered into a settlement agreement with Wesley and, pursuant to the agreement, the parties (Plaintiff and Wesley) stipulated to the dismissal of Wesley from this action. (Docket #22.)  Accordingly, on December 8, 2010, this Court signed the Stipulation and Order dismissing the case with prejudice against Wesley. (Docket # 19.)

## DISCUSSION

**A.    Motion to Dismiss**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006). A complaint generally need only

contain a "short and plain statement of the claim showing that the Plaintiff is entitled to relief" to satisfy federal notice pleading requirements. See Fed.R.Civ.P. 8(a); Gregory v. Daly, 243 F.3d 687, 692 (2d Cir.2001). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court's belief or disbelief in a complaint's factual allegations or its belief that a "recovery is very remote and unlikely" does not factor into a decision under Rule 12(b)(6). See id.

The plaintiff must, however, satisfy "a flexible 'plausibility standard.'" See Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir.2007). A claim that is not plausible on its face must be "supported by an allegation of some subsidiary facts to survive a motion to dismiss." See Benzman v. Whitman, 523 F.3d 119, 129 (2d Cir.2008). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 1974. However, the court may disregard

a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted).

Defendant argues that Plaintiff has not set forth sufficient facts to support his claim that GHFA and HCFFL are Consumer Reporting Agencies (CRAs) within the meaning of the FCRA and the NYFCRA.[3] The statutes read, in pertinent part, "[t]he term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f); N.Y. Gen. Bus. Law § 380-a(e). Defendant argues that Plaintiff has not alleged that GHFA and HCFFL engage in the practice of "assembling or evaluating" consumer information. Plaintiff's Complaint alleges that Defendant GHFA and HCFFL "prepared and provided" Plaintiff's criminal background to Wesley. This court finds that this factual allegation is sufficient to give the Defendants notice of the nature and factual predicate of the

---

[3] The provisions of the FCRA and the NYFCRA relating to the definition of a CRA are substantially the same and therefore, "the two statutes must be construed in the same way." See Scott v. Real Estate Finance Group, 183 F.3d 97, 100 (2d Cir. 1999).

Plaintiff's claims pursuant to Rule 8(a) and to satisfy the flexible plausibility standard.

Defendants do not deny that they were in some way involved in the transmission of the allegedly inaccurate criminal history. They argue, however, that their involvement was insufficient to qualify them as CRAs under the statutes. Citing facts not contained in the Complaint, they argue that this function is performed by a third party (the Monroe County Sheriff's Department), who is not a party to this lawsuit, and that GHFA and HCFFL merely convey the information prepared by the Sheriff's Department to certain health care facilities with whom they contract and to whom they provide a single payer billing system, including Wesley. However, this Court is confined to consider the facts as they are contained in the Complaint. See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991). Further, this Court declines to convert the instant motion into a motion for summary judgment.

This Court notes that the question of whether GHFA and HCFFL are CRAs is necessarily highly factual and, at this stage in the litigation, Plaintiff is not required to prove his claim. Plaintiff is only required to set forth sufficient facts to

establish a plausible claim for relief so that he may offer evidence in support of that claim. This Court finds that Plaintiff has satisfied his burden at the pleading stage. Therefore, this Court denies Defendant's Motion to Dismiss Plaintiff's claims under the FCRA and NYFCRA.

### B. Motion for Summary Judgment

GHFA and HCFFL also moved for Summary Judgment following the Stipulation and Order entered into by Plaintiff and Defendant Wesley, and signed by this Court on December 8, 2010. (Docket #19). GHFA and HCFFL contend that Plaintiff's Fourth Cause of Action under the NYSHRL for aider and abettor liability must be dismissed because it is derivative of the main claim against Wesley, which was dismissed with prejudice pursuant to the Stipulation and Order. (Docket #21-2.) They cite case law from this Circuit that provides that where the employer/principal is not found to be liable for discrimination under the NYSHRL, other defendants may not be held liable under an aiding and abetting theory. (Docket #21-2 at 3-4.) Plaintiff opposes Defendants' motion, arguing that this rule applies only in cases where the non-liability of the principal was established after a decision on the merits. (Docket #22 at 2-3).

Defendant correctly states that the predicate for imposing liability based on an aiding and abetting theory under the NYSHRL is the employer/principal's liability for discrimination under the statute. See Dewitt v. Lieberman, 48 F.Supp.2d 280, 294 (S.D.N.Y. 1999). However, District Courts in this Circuit have held that dismissal of the cause of action against the employer/principal warrants dismissal of the derivative, aiding and abetting cause of action only where the dismissal against the employer/principal was on the merits (*i.e.* where the employer was not found to have engaged in a discriminatory practice). See Kantha v. Blue, 262 F.Supp.2d 90, 109 (S.D.N.Y. 2003)(citing Martin v. New York State Dep't of Correctional Services, 224 F.Supp.2d 434, 442 (N.D.N.Y.2002))(both declining summary judgment for derivative, aiding and abetting causes of action where the cause of action against the employer/principal was dismissed based on sovereign immunity).

This Court agrees that dismissal of the aiding and abetting cause of action is appropriate only where the principal cause of action was dismissed on the merits. Further, as the Stipulation and Order of dismissal with prejudice was entered into pursuant to the Plaintiff and Defendant Wesley's mutual agreement to end the lawsuit the judgment dismissing the case against Wesley is

"not equivalent to a judicial decision on the merits," because the Court has not made a determination on the actual merits of the controversy; but has only exercised its "limited role" in Ordering the case dismissed based on the parties' agreement.[4] See Pearson Educ., Inc. v. Bobadilla 2009 WL 4405810 (S.D.N.Y. 2009)(citing City of Miami, Florida, 664 F.2d 435, 440 (5th Cir. 1981); Janus Films, Inc. v. Miller, 801 F.2d 578, 582 (2d Cir.1986)).  Accordingly, as the dismissal of Wesley was not on the merits, this Court declines to grant Defendants GHFA and HCFFL's Motion for Summary Judgment on Plaintiff's Fourth Cause of Action.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              s/ Michael A. Telesca
                                                MICHAEL A. TELESCA
                                      United States District Judge

Dated:   Rochester, New York
        April 27, 2011

---

[4] This Court notes that the Stipulation and Order does not outline the parameters of the settlement agreement between Wesley and the Plaintiff.